**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
AT CINCINNATI**

| | | |
|---|---|---|
| **DE'OANA HOPEY,** | * | Case No. 1:19-cv-904 |
| *Plaintiff,* | * | |
| v. | * | |
| **NEW HORIZON FOODS, INC.,** | * | **VERIFIED COMPLAINT FOR WAGE THEFT** |
| *Defendant.* | * | |
| | * | |

**PRELIMINARY STATEMENT**

1. Plaintiff De'oana Hopey brings this complaint against Defendant for recovery of unpaid wages. Specifically, Plaintiff seeks back pay, liquidated damages, and reimbursement of her costs and attorneys' fees in prosecuting this action under the Fair Labor Standards Act ("FLSA") (29 U.S.C. § 201, *et seq.*); Ohio's Minimum Fair Wage Standards Act (Ohio Rev. Code Chapter 4111); and the Minimum Wage Amendment to Ohio's Constitution (Art. II, Sec. 34a, Ohio Constitution). Further, Plaintiff seeks her unpaid wages and liquidated damages under Ohio Rev. Code § 4113.15.

**JURISDICTION & VENUE**

2. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) and supplemental jurisdiction over the Ohio law claims under 28 U.S.C. § 1367(a) because they form a part of the exact same case or controversy, i.e., nonpayment of wages due and owing.

3. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) because Defendant employed Plaintiff, and the claims arose, within Hamilton County, Ohio.

## PARTIES & BACKGROUND

4. Plaintiff was employed by Defendant until approximately April 27, 2019, and Plaintiff was an "employee" of Defendant as that term is defined in 29 U.S.C. § 203(e); Ohio Rev. Code Chapter 4111; and Article II, Section 34a of Ohio's Constitution.

5. Defendant failed to pay any wages at all to Plaintiff for approximately 80 hours she worked in 2019.

6. Defendant is a corporation incorporated under the laws of the State of Minnesota, maintaining its principal place of business in Minnesota.

7. Defendant maintains operations in Ohio, including but not limited to at Mallard Cove Senior Living, which is where Defendant employed Plaintiff.

8. Defendant promised to pay Plaintiff $11.00 per hour in exchange for Plaintiff performing non-exempt duties at Mallard Cove Senior Living facility in Sharonville, Ohio.

9. Defendant is an "employer" as that term is defined in 29 U.S.C. § 203(d); Ohio Rev. Code Chapter 4111; and Article II, Section 34a of Ohio's Constitution.

10. Defendant, at all times relevant, had in excess of $500,000.00 in revenue in 2018 and 2019; had at least two employees performing work in the State of Ohio; and purchased materials and equipment manufactured in locations outside the State of Ohio—all of which constitutes interstate commerce.

11. Defendant, with respect to Plaintiff, was required to comply with 29 U.S.C. § 201 *et seq.*; Ohio Rev. Code Chapter 4111; and Article II, Section 34a of Ohio's Constitution, under both individual- and enterprise-coverage principles.

12. Defendant paid $0.00 in wages to Plaintiff for approximately 80 hours of work—constituting wage theft and resulting in federal and state minimum wage violations.

## FIRST CLAIM FOR RELIEF

*(Non-Payment of Minimum Wages under the FLSA)*

13. Plaintiff re-alleges and incorporates the above allegations.

14. Under 29 U.S.C. § 206, Defendant was obligated to pay Plaintiff the minimum rate of wages for any work it suffered, permitted, or required Plaintiff to perform in 2019.

15. Defendant willfully failed to comply with the requirements of 29 U.S.C. § 206 by suffering or permitting Plaintiff to work 80 hours for $0.00 per hour, which is less than the applicable federal minimum wage rate of $7.25 per hour.

16. Defendant knowingly and willfully failed to pay Plaintiff the minimum rate of wages for all hours she worked in 2019 and did not dispute that the wages were due and owing to Plaintiff; rather, Defendant essentially ignored Plaintiff and her counsel's numerous demands for payment in 2019.

17. Defendant does not qualify for an exemption from paying minimum wages to Plaintiff under 29 U.S.C. § 206; 29 U.S.C. § 213; or any other section of law.

18. Because Defendant willfully failed to pay Plaintiff at least the minimum rate of wages for all hours she worked at $7.25 per hour worked, Plaintiff is entitled to collect $580.00 (i.e., 80 hours multiplied by $7.25 per hour) as and for liquidated damages.

## SECOND CLAIM FOR RELIEF

*(Non-Payment of Minimum Wages under Ohio Law)*

19. Plaintiff re-alleges and incorporates the above allegations.

20. Under Ohio Rev. Code Chapter 4111 and Article II, Section 34a of Ohio's Constitution, Defendant was obligated to pay Plaintiff the minimum rate of wages for any work it suffered, permitted, or required Plaintiff to perform.

21. Defendant failed to comply with the requirements of Ohio Rev. Code Chapter 4111 and Article II, Section 34a of Ohio's Constitution by suffering or permitting Plaintiff to work for $0.00 per hour in 2019, which is less than the applicable Ohio minimum wage rate of $8.55 per hour worked in 2019.

22. Defendant knowingly and willfully failed to pay Plaintiff the minimum rate of wages for all hours she worked in 2019.

23. Defendant does not qualify for an exemption from paying minimum wages to Plaintiff under Ohio Rev. Code Chapter 4111; Article II, Section 34a of Ohio's Constitution; or any other section of law.

24. Because Defendant willfully failed to pay Plaintiff at least the minimum rate of wages for all hours she worked at $8.55 per hour worked, Plaintiff is entitled to collect $1,368.00 (i.e., 80 hours multiplied by $8.55 per hour multiplied by 2) as and for liquidated damages.

### THIRD CLAIM FOR RELIEF

*(Ohio Rev. Code § 4113.15 Violations)*

25. Plaintiff re-alleges and incorporates the above allegations.

26. For 80 hours of work in 2019, Defendant failed to pay Plaintiff her hourly, agreed upon wage rate of $11.00 per hour.

27. Defendant failed to pay Plaintiff her wages, as described above, within the statutory time period under Ohio Rev. Code § 4113.15.

28. To date, Defendant has failed to pay wages in the amount of $880.00, i.e., 80 hours multiplied by $11.00 per hour, due and owing to Plaintiff, and there is no dispute that Plaintiff is owed these wages.

29. Because Defendant failed to pay Plaintiff her wages within the time period specified under Ohio Rev. Code § 4113.15, Plaintiff seeks her wages (i.e., $880.00) plus liquidated damages in the amount of $200.00.

**DEMAND FOR JUDGMENT**

**WHEREFORE**, Plaintiff prays that the Court enter judgment as follows:

a. ordering Defendant to pay the sum of **$3,028.00**, itemized as follows:

    i. $880.00 as back pay under the Third Claim for Relief;
    ii. $580.00 as damages under the First Claim for Relief;
    iii. $1,368.00 as damages under the Second Claim for Relief; and
    iv. $200.00 as damages under the Third Claim for Relief.

b. ordering Defendant to pay Plaintiff's attorneys' fees and costs under all Claims for Relief; and

c. awarding any other legal or equitable relief.

Respectfully submitted,

MANGANO LAW OFFICES CO., L.P.A.

s/Ryan K. Hymore
Ryan K. Hymore (0080750) [Trial Attorney]
3805 Edwards Road, Suite 550
Cincinnati, Ohio 45209
T: (513) 255-5888
F: (216) 397-5845
rkhymore@bmanganolaw.com

*Counsel for Plaintiff*

## DECLARATION OF VERIFICATION

I, De'oana Hopey, do hereby declare under penalty of law that the following is true:

1. I am over the age of 18 and competent to make the statements herein.

2. I have reviewed each and every paragraph in the foregoing complaint.

3. I am familiar with all factual allegations in the foregoing complaint.

4. I have personal knowledge of all factual allegations contained in the foregoing complaint, which are true to best of my knowledge.

Date: 09-27-19

*De'oana Hopey*
De'oana Hopey